UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL J. RATAJCZAK, JR.,
ANGELA RATAJCZAK,
SCOTT A. RATAJCZAK, and
ELIZABETH RATAJCZAK,

                Plaintiffs,

    v.                                                            Case No. 13-C-045

BEAZLEY SOLUTIONS LIMITED and
BEAZLEY FURLONGE LIMITED,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE**

      Plaintiffs Daniel J. Ratajczak, Jr., Angela Ratajczak, Scott A. Ratajczak, and Elizabeth Ratajczak (the Ratajczaks) filed this action for declaratory judgment against defendants Beazley Solutions Limited and Beazley Furlonge Limited. The Ratajczaks seek a declaration of the extent and existence of insurance coverage provided by Beazley Solutions, acting as an appointed representative of Beazley Furlonge, a United Kingdom insurer acting and managing on behalf of Lloyd's of London syndicates 623 and 2623, under the terms of a Seller's Warranty and Indemnity Insurance Policy (the Policy). Each of the Ratajczaks are residents of Wisconsin and Defendants are private limited companies registered and operated in London, England. (Answer ¶ 5-6.) Though Beazley Furlonge is the managing agent of syndicates 623 and 2623 at Lloyd's, none of the members of the syndicates are citizens of Wisconsin. (Answer ¶ 6.) Thus, this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity between the parties and the matter in controversy exceeds $75,000.

This matter comes before the court on two separate motions. On March 15, 2013, Beazley Furlonge filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and Beazley Solutions filed its answer. That same day, the Ratajczaks filed a motion to strike the defendants' pleadings and further moved for entry of default judgment. Before addressing Beazley Furlonge's motion to dismiss, the court must first address the Ratajczaks' motion to strike.

## MOTION TO STRIKE

The dispute between the parties concerns the issue of whether the defendants have a duty to indemnify the Ratajczaks per the terms of the Policy for their loss stemming from their settlement of a third-party's claims against them. The Ratajczaks argue that, before they can properly appear in the action, the defendants must comply with the provisions in Section 618.47 of the Wisconsin Statutes, which requires a surplus lines insurer to post a bond before defending a suit. The Ratajczaks contend that because the defendants failed to comply with Wisconsin's procedural rule, their answer and motion to dismiss should be struck and default judgment entered for failure to timely respond to the complaint.

Under Section 618.47, an unauthorized insurer is normally required to post a bond before defending against a claim in any court action. The statute reads as follows:

(1) Conditions for filing.

No pleading, notice, order or process in any court action or in any administrative proceeding before the commissioner instituted against an unauthorized person under ss. 601.72 or 601.73 may be filed by or on behalf of the unauthorized person unless the person either:

(a) Deposits with the clerk of the court in which the action or proceeding is pending, or with the commissioner in administrative proceedings before the commissioner, bond with sureties in an amount fixed by the court or the commissioner, sufficient to secure the payment of any

2

probable final judgment or order. The court, or the commissioner in administrative proceedings before the commissioner, may make an order dispensing with a deposit or bond where the person makes a satisfactory showing that in a state of the United States he or she maintains funds or securities, in trust or otherwise, sufficient and available to satisfy any probable final judgment or order; or

(b) Procures proper authorization to do an insurance business in this state.

Wis. Stat. § 618.47(1).

Beazley Solutions concedes that it is a surplus lines insurer not authorized to do business in Wisconsin. (*See* Compl. Ex. A. at 1.) Thus, the statutory rule would clearly apply to Beazley Solutions were this suit filed in a Wisconsin court. Although Beazley Furlonge maintains that it is not an insurer (*See* Answer ¶ 1), it appears that Beazley Furlonge is also subject to the provisions of Chapter 618 of the Wisconsin Statutes. The definition for "Doing an insurance business" includes in any way "assisting any person to do an insurance business or to procure insurance." Wis. Stat. § 618.02(g); *see also* Wis. Stat. § 600.03(48). Because Beazley Furlonge appointed Beazley Solutions to issue insurance on behalf of the syndicates at Lloyd's (Compl. Ex. A at 1, ECF No. 2), it appears that Beazley Furlonge is arguably subject to the procedural requirements outlined in § 618.47 due to its appointment relationship with Beazley Solutions.

The defendants argue that they are not required to post a bond because this state statutory provision is inapplicable in federal court. There has been some debate whether this state procedural rule applies in a federal court sitting in diversity jurisdiction. In *Scottish Guarantee Insurance Co., Ltd. v. Dyer*, No. 92-C-012-C, 1992 WL 601889 (W.D. Wis. Nov. 27, 1992), the court held that the statute does not apply to the federal court. Relying on the Committee Comment to Wis. Stat. § 618.01, the court concluded that Chapter 618 was only intended to apply in state courts. This court respectfully disagrees with this rationale. The statute refers to a filing in "*any* court action"

3

and is not explicitly limited to state courts. Wis. Stat. § 618.47(1) (emphasis added). It is not clear that the language mentioned in the Committee Comment necessarily excludes federal courts as it only explains that Chapter 618 was intended to "subject certain persons and insurers to the jurisdiction . . . of the courts of this state." Here, the "courts of this state" conceivably could also include federal courts sitting in diversity. The statute is notably ambiguous in this respect.

The Seventh Circuit recently rejected a similar argument that a federal statute precluded enforcement of state-court judgments in federal courts. *See GE Betz, Inc. v. Zee Co., Inc.*, __ F.3d __, 2013 WL 1846541, *7-8 (7th Cir. May 3, 2013). There, the defendant argued that 28 U.S.C. § 1963 barred federal courts from enforcing judgments rendered by state courts, reasoning that the language only referred to federal courts. The Seventh Circuit reasoned that the statute was ambiguous and refused to follow the defendant's argument because it would require reading language not present into the statute. Similarly, to reach the conclusion that § 618.47 only applies in state court, it would be necessary to read into the statutory text that a surplus lines insurer is only subject to § 618.47's provisions in "any [state] court action."

Two cases in this district have also addressed the application of § 618.47 in federal court: *Guarantee Bank v. Evanston Insurance Co.*, No. 09-CV-133, 2009 WL 792753 (E.D. Wis. Mar. 24, 2009), and *Redmond v. Sirius International Insurance Corp.*, No. 12-C-587, 2012 WL 3240157 (E.D. Wis. Aug. 7, 2012). The court in *Redmond* did not address the issue of whether § 618.47 applies in federal court since the parties appeared to assume that it did and the issue was waived. 2012 WL 3240157, at *2. In *Guarantee Bank*, the defendant insurer filed an expedited motion requesting that the court issue an order stating that it need not post a bond under § 618.47. The defendant argued that the statute did not apply and that even if it did apply, the defendant was

4

exempt because it made a "satisfactory showing" that it maintained sufficient funds to satisfy any probable judgment. 2009 WL 792753, at *2. Without deciding the issue of whether the statute applied, the court, interpreting § 618.47 as a procedural rule, noted the general rule that a "district court applies federal law when a federal procedural rule is 'rationally capable of classification' as procedural and is in actual conflict with the state procedural rule." *Id.* (quoting *Houben v. Telular Corp.*, 309 F.3d 1028, 1039 (7th Cir. 2002)). But the court further noted that "a federal court may apply a seemingly 'procedural' state rule if that rule is limited to a particular substantive area in an attempt to influence substantive outcomes." *Id.* (citing *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 310 (7th Cir. 1995)).

The scope of the Wisconsin statute at issue here is narrowly confined to a particular substantive area: insurance law. One of the purposes of the procedural rule requiring an unapproved insurer to post a bond before filing a pleading or other paper in court is to protect insureds and authorized insurers doing business in Wisconsin. The same Wisconsin Committee Comment mentioned earlier explains that one purpose of Chapter 618 was to protect Wisconsin residents from "the often insuperable obstacle of asserting their legal rights under such [insurance] policies in forums foreign to them under laws and rules of practice with which they are not familiar." Committee Comment to Wis. Stat. § 618.01. In addition the Wisconsin legislature sought to protect "authorized persons and insurers, which are subject to strict regulation, from unfair competition by unauthorized persons and insurers and by protecting against the evasion of the insurance regulatory laws of this state." *Id.*

The state's goals are substantive in that they are "designed to shape conduct outside the courtroom . . . though the means are procedural." *S.A. Healy*, 60 F.3d at 310. If an unauthorized

5

insurer doing business in Wisconsin could avoid the procedural rule requiring the posting of a bond by the simple expedient of removing to federal court under diversity jurisdiction, then the goals of the Wisconsin legislature would be thwarted. Furthermore, the procedural rule is narrowly confined to the substantive area of insurance law, lending further support to the inference that the procedural rule reflects substantive policy and weighs in favor of applying the rule in federal court. *See Bourbon v. Kmart Corp.*, 223 F.3d 469, 475 (7th Cir. 2000) (Posner, J. concurring) ("A practical way to decide whether a rule of state law is substantive or procedural for purposes of the *Erie* doctrine is to ask whether the rule is limited to a particular substantive area or applies across the board. If the former, it is likely to reflect substantive policy, to which the federal court should defer, and if the latter to be a product of purely procedural concerns that properly may differ between federal and state courts." (citing *Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1123 (7th Cir. 1998); *S.A. Healy*, 60 F.3d at 310)). These considerations warrant the application of § 618.47 in a federal court sitting in diversity and the court shall do so in this case.

The defendants filed their answer and motion to dismiss without posting a bond as required by § 618.47(1). Nevertheless, the defendants assert that they need not post a bond because it is the plaintiff's burden to request that the court order the posting of a bond and that the plaintiff is required to "present evidence supporting a 'probable final judgment.'" (Defs. Opp'n Br. 9, ECF No. 15.) The defendants' argument is contrary to the procedural rule. Section 618.47 imposes an obligation on an unauthorized person to post a bond before defending an action in court. There is nothing within the statute suggesting the plaintiff is required to request the posting of a bond or to make a showing that a final judgment in its favor is "probable," akin to the standard for granting a preliminary injunction. The Ratajzcaks alleged in their complaint that they paid over $9.7 million

6

to settle Packerland Holding's representatives' claims against them. (Compl. ¶ 18.) They further alleged that the Policy insured them against liability up to a $10,000,000 policy limit. (*Id.* ¶ 11.) The defendants must therefore either show that they have sufficient funds or securities to satisfy Ratajzcaks' claim, post a bond in an amount to be fixed by the court, or obtain authorization to do an insurance business in Wisconsin.

Section 618.47(1) allows for an exemption to the posting of a bond where an unauthorized insurer makes "a satisfactory showing that in a state of the United States he or she maintains funds or securities, in trust or otherwise, sufficient and available to satisfy any probable final judgment or order." The defendants maintain that Beazley Solutions is underwritten by the syndicates at Lloyd's, which are "financially-sound surplus lines insurers, who stand ready to satisfy any legitimate claim." (Defs. Opp'n Br. 10, ECF No. 15.) The defendants' statements in their brief are not sufficient to establish that there are sufficient funds to satisfy a probable judgment. Rather, the defendants must either post a bond or supply an affidavit or such other evidence showing there are sufficient funds or securities to cover a probable judgment. *See, e.g., Guarantee Bank*, 2009 WL 792753, at *2 (holding that affidavits from defendant's vice-president and senior financial officer stating defendant's assets sufficient to satisfy § 618.47(1)).

Notwithstanding a defendant insurer's failure to comply with § 618.47(2), a "court in any such action or proceeding . . . may order any postponement necessary to afford the unauthorized person reasonable opportunity to comply with sub. (1)." Given the lack of clarity in the law concerning the application of Wisconsin's procedural rule in federal court and the defendants' diligence in defending against the Ratajczaks' claims, a postponement is appropriate. Accordingly, the court directs the defendants, within thirty (30) days from the date of this decision, to supplement

7

the record showing that it has funds or securities sufficient and available to satisfy any probable final judgment or in the alternative to otherwise comply with its obligations as set forth in § 618.47(1). The Ratajczaks' motion to strike is **denied**. Should the defendants fail to comply with its obligations under § 618.47 within the time allotted, the Ratajczaks may renew their motion to strike. Finally, the Ratajczaks' request for an entry of default judgment also **denied**.

      **SO ORDERED** this   15th   day of May, 2013.

                                         s/ William C. Griesbach
                                         William C. Griesbach, Chief Judge
                                         United States District Court