UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL J. RATAJCZAK, JR.,
ANGELA RATAJCZAK,
SCOTT A. RATAJCZAK, and
ELIZABETH RATAJCZAK,

                Plaintiffs,

     v.                                              Case No. 13-C-045

BEAZLEY SOLUTIONS LIMITED,
R-T SPECIALTY, LLC, and
MESIROW FINANCIAL, INC.

                Defendants.

**ORDER**

Plaintiffs have filed motions to seal two documents pursuant to the Protective Order issued in this case. (ECF Nos. 36 & 45.) Plaintiffs filed this action seeking relief in part for defendant Beazley's alleged breach of an insurance policy. On or about May 15, 2012, Beazley issued Plaintiffs a policy ("the Policy") covering aspects of the sale of Plaintiffs' interests in Packerland Whey Products, Inc. (Packerland Whey) to Packerland Whey Intermediary Holding Group, Inc. (Packerland Holding). (Second Am. Compl., ¶ 29, ECF No. 51.) Approximately seven months after the sale, Packerland Holding terminated the employment of Angela and Daniel Ratajczak and accused plaintiffs of wrongdoing in connection with the business activities of Packerland Whey. (*Id.* ¶ 46.) Packerland Holding sent a draft complaint to Plaintiffs asserting potential claims against them, and Plaintiffs settled these claims with Packerland Holding in December 2012. (*Id.* ¶¶ 47,

64.) Plaintiffs subsequently sought indemnification from Beazley under the Policy, and Beazley issued a letter denying coverage on March 5, 2013. (*Id.* ¶ 67.)

Plaintiffs seek to seal two documents: (1) the Acquisition Agreement between Plaintiffs and Packerland Holding, and (2) portions of Beazley's coverage denial letter. Parties seeking to file documents under seal must show "good cause" for withholding the material from the public record. Civil L.R. 79(d)(4). In order to show good cause to file a document or a portion under seal, the party requesting protection must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). The mere fact that a party would prefer to keep information confidential is not a sufficient reason for sealing it once it is entered into the public record, *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000), and similarly, agreement by the parties does not suffice to maintain information under seal, *see Union Oil Co. of Cal. v. Leavell,* 220 F.3d 562, 567 (7th Cir. 2000) (". . . the tradition that litigation is open to the public is of very long standing."). Provided good cause is shown, parties may seal documents to protect their own interests or interests of third parties. *See, e.g*, *Bank of Am., N.A. v. First Mut. Bancorp of Ill.*, No. 09-5108, 2010 WL 2921845, at *1 (N.D. Ill. July 22, 2010) ("The court will protect financial information about 'third party borrowers,' that is, people and entities who are not parties to this case."); *U.S. ex rel. Tucker v. Nayak*, No. 06-662, 2008 WL 907432, at *2 (S.D. Ill. Apr. 2, 2008) (granting plaintiff's motion to seal the names of physician defendant's patients to maintain the patients' privacy).

First, in conjunction with Plaintiffs' first amended complaint, Plaintiffs sought to seal the "Acquisition Agreement," which memorializes Daniel and Scott Ratajczak's sale of their interests in Packerland Whey. (ECF No. 36.) Plaintiffs filed under seal a full unredacted version of the

2

Policy, which included the Acquisition Agreement labeled as Appendix C. (ECF Nos. 39 & 39-1.) Since the second amended complaint is now the operative complaint in this action, Plaintiffs' motion to seal the Acquisition Agreement (ECF No. 36) now refers to a document that is no longer operative. Accordingly, the Policy containing the Acquisition Agreement filed with the first amended complaint (ECF Nos. 39 & 39-1) will be kept under seal, but if Plaintiffs seek to file any portion of the Policy under seal in the future, they will be required to show good cause.

Second, Plaintiffs seek to seal redacted portions of Beazley's coverage denial letter. (ECF Nos. 45 & 47.) Specifically, Plaintiffs seek to seal (1) the price Packerland Holding paid to acquire Packerland Whey, and (2) specific descriptions of fraud allegedly perpetrated by various plaintiffs in connection with the operation and sale of Packerland Whey. Plaintiffs assert that the redacted portions of the letter contain "unsubstantiated and disputed allegations made in a threatened, but non-filed complaint," and that these allegations "have the potential to cause irreparable damage to the ongoing business of Packerland Whey Products, Inc. if allowed to enter the public domain." (Pl's Mot. to Seal at 3, ECF No. 45.) Defendants take no position at this time with respect to Plaintiffs' request.

The court will grant Plaintiffs' motion to seal portions of the coverage denial letter, at least for now. It appears clear that part of the reason Plaintiffs agreed to settle the threatened lawsuit prior to filing was to keep the potentially damaging allegations from becoming public. To unnecessarily make the allegations public would discourage similar settlements in the future. Settlements serve the public interest by avoiding the costs of litigation. While it is doubtful that the allegations in the underlying threatened lawsuit can ultimately be kept confidential in light of the

3

allegations of Plaintiffs' lawsuit against the defendants, there is no need for disclosure at this time. Based on these considerations, Plaintiffs' motions are granted.

      **SO ORDERED** this   23rd   day of December, 2013.

                                   s/ William C. Griesbach
                                   William C. Griesbach, Chief Judge
                                   United States District Court