# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DANIEL J. RATAJCZAK, JR.,
ANGELA RATAJCZAK,
SCOTT A. RATAJCZAK, and
ELIZABETH RATAJCZAK,

        Plaintiffs,

    v.                                        Case No. 13-C-045

BEAZLEY SOLUTIONS LIMITED,
R-T SPECIALTY, LLC, and
MESIROW INSURANCE SERVICES, INC.

        Defendants.

---

## ORDER GRANTING MOTION TO DISMISS

---

Plaintiffs Daniel, Angela, Scott, and Elizabeth Ratajczak filed this diversity action for declaratory relief against Beazley Solutions Limited when it failed to defend and indemnify them for liability arising out of the sale of their interests in a company called Packerland Whey Products, Inc. Plaintiffs were insured under a Seller's Warranty and Indemnity Policy which they purchased from Beazley with the assistance of R-T Specialty, LLC and Mesirow Insurance Services, Inc. After discovering that Beazley was not authorized to sell insurance in Wisconsin, Plaintiffs added R-T Specialty and Mesirow as defendants alleging they were liable under a state statute that makes liable those who assist in the procurement of an illegal policy if the unauthorized insurer fails to pay a covered claim. Wis. Stat. § 618.44. The Third Amended Complaint currently before the court contains seven counts: (I) declaratory judgment on Policy coverage; (II) breach of contract (breach of the Policy); (III) illusory coverage – reformation of the Policy; (IV) declaration of illegal policy

under Wis. Ch. 618; (V) bad faith investigation, association, and/or consent to settlement; (VI) bad faith denial of coverage; and (VII) violation of Wis. Stat. § 628.46. (ECF No. 82.) Counts I–IV are asserted against Beazley as well as R-T Specialty, LLC, and Mesirow Insurance Services, Inc., the two intermediary insurers that allegedly assisted in procuring the Policy. Counts V–VII are asserted only against Beazley.

The Court will now address three pending motions: (1) Beazley's motion for reconsideration or to drop R-T Specialty as a party in order to preserve the Court's subject matter jurisdiction (ECF No. 98); (2) Mesirow's motion to dismiss Plaintiffs' Third Amended Complaint (ECF No. 87); and (3) all parties' joint motion to bifurcate (ECF No. 100).

## 1. Beazley's Jurisdictional Motion

On May 14, 2014, after the Third Amended Complaint was filed, the Court issued an order to show cause directing defendants R-T Specialty and Mesirow to provide a statement of jurisdiction. (ECF No. 94.) R-T Specialty indicated that one of its members is a citizen of Wisconsin, which is the same state of citizenship as all four plaintiffs. (ECF No. 96.) For purposes of 28 U.S.C. § 1332, this revelation destroys diversity of citizenship and deprives the Court of subject matter jurisdiction. *See Belleville Catering Co. v. Champaign Marketplace, LLC,* 350 F.3d 691, 692 (7th Cir. 2003) (holding that LLCs or limited liability companies "are citizens of every state of which any member is a citizen").

On May 27, 2014, Beazley filed a motion seeking to keep the case in federal court. (ECF No. 98.) Beazley proposed that the Court should either reconsider its orders granting the plaintiffs leave to file their Second and Third Amended Complaints (which joined R-T Specialty to the lawsuit) or exercise its powers under Fed. R. Civ. P. 21 to dismiss R-T Specialty as a party. Under

Fed. R. Civ. P. 21, the Court may "at any time, on just terms, add or drop a party." A district court may maintain subject matter jurisdiction by dismissing a "dispensable" non-diverse defendant either before or after final judgment. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). To determine whether dismissal is appropriate, the Court must consider whether R-T Specialty is "indispensable" under Fed. R. Civ. P. 19, which sets forth a two-part test. The Court must determine:

> (1) if in the [party's] absence, complete relief cannot be accorded among those who are already parties; or (2) if the [party] claims an interest relating to the subject of the action and is so situated that disposition of the action in its absence may (i) impair or impede its ability to protect that interest, or (ii) leave any of the persons already joined subject to a substantial risk of incurring multiple or otherwise inconsistent obligations.

*North Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 647 (7th Cir. 1998) (citing Fed. R. Civ. P. 19).

Here, if Plaintiffs are successful in the action, Plaintiffs will be able to obtain full relief from Beazley. Indeed, as explained below, liability on the part of R-T Specialty and Mesirow does not even arise until and unless Beazley fails to pay a claim payable under the policy. Neither Mesirow nor R-T Specialty are parties to the Policy. Their liability, if any, arises under Section 618.44 of the Wisconsin Statutes. Under that section, an insurance contract with a foreign insurer not authorized to sell insurance in Wisconsin is "unenforceable by, but enforceable against, the insurer." Wis. Stat. 618.44. In other words, Plaintiffs may lawfully enforce the contract against Beazley, as they seek to do in this lawsuit. Only if Beazley does not pay a covered claim can R-T Specialty and/or Mesirow be liable. *Id.* Although Beazley denies that Plaintiffs' claims are covered under the policy, there is no reason to believe that it will not pay the claims if coverage is found. Beazley is actively defending the case and has filed a declaration establishing that Beazley is an underwriter for Lloyds

3

Corporation, London. The declaration establishes that Beazley has access to more than sufficient funds to pay any judgment that might be entered in the action. (ECF No. 24.)

Under these circumstances, it is clear that R-T Specialty is not an indispensable party to this lawsuit. Given that a substantial amount of litigation has already been conducted here, the Court will exercise its powers under Fed. R. Civ. P. 21 and dismiss R-T Specialty as a party without prejudice. Dismissal under Fed. R. Civ. P. 21 obviates the need to reconsider any previous orders.

### 2. Mesirow's Motion to Dismiss

On March 4, 2004, Mesirow filed a motion to dismiss Plaintiffs' Third Amended Complaint, or alternately, to stay all claims against the insurance intermediary defendants until Beazley's liability for coverage under the Policy is determined. In considering a motion to dismiss, the Court construes the allegations in the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all inferences in favor of the non-moving party. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011). The court may consider "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

4

Plaintiffs do not contest that Mesirow is entitled to dismissal from Counts I, II, and III, all of which are predicated on their contract with Beazley. As already noted, Mesirow is not a party to that contract. Count IV is the only count that focuses on Mesirow's conduct. In Count IV, Plaintiffs allege that the Policy was illegally procured because Beazley and the intermediary insurers failed to properly notify Plaintiffs that Beazley was an unauthorized insurer in Wisconsin, as required by Wis. Stat. § 618.41(4) and Wis. Admin. Code Ins § 6.17(3)(a). Plaintiffs' claim against Mesirow, like their claim against R-T Specialty, rests on Section 618.44 of the Wisconsin Statutes. That Section states in its entirety:

> **618.44 Effect of illegal contracts.** An insurance contract entered into in violation of this chapter is unenforceable by, but enforceable against, the insurer. The terms of the contract are governed by chs. 600 to 646 and 655 and rules promulgated thereunder. *If the insurer does not pay a claim or loss payable under the contract, any person who assisted in the procurement of the contract is liable to the insured for the full amount of the claim or loss, if the person knew or should have known the contract was illegal.*

(italics added). Plaintiffs contend that the statute creates joint and several liability among the defendants, and thus Mesirow's liability under the Policy is independent of and equal to that of Beazley. Mesirow, on the other hand, contends that its liability, if any, is not joint and several with Beazley, but is contingent upon Beazley not paying a claim or loss covered by the policy. Mesirow has the better argument based on the plain language of the statute.[1]

---

[1] Plaintiffs contend that the Court has already ruled that Section 618.44 creates joint and several liability in its oral decision denying their motion for a default judgment against Mesirow. (ECF No. 80.) It did not. The court noted that in cases in which a defaulting defendant's liability on a claim was joint and several with non-defaulting defendants, judgment against the defaulting defendant should be withheld. *See* 10A Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 2690 (3d ed. 1998). The same rule is applicable here since the liability alleged is for the same debt.

By its plain terms, Section 618.44 imposes liability for a claim payable under an illegal insurance contract on the person who procured it only if the insurer does not pay it. Thus, Mesirow's liability under Section 618.44 is contingent upon Beazley refusing or otherwise failing to pay a covered claim. As noted above, there is no reason to believe that contingency will occur here. Beazley is vigorously defending the claim and has established both its ability and willingness to pay any judgment obtained by the Plaintiffs. Absent a plausible allegation that Beazely might not pay a judgment entered against it, Plaintiffs have failed to state a claim against Mesirow. Their complaint does not contain "a short and plain statement of the claim showing that the pleader *is entitled to relief.*" Fed. R. Civ. P. 8(a)(2) (italics added). Instead, they have shown that Mesirow could be liable if certain contingent events occur in the future. That is not enough.[2]

Before a plaintiff can haul a party into court on a claim and compel him or her to respond the claim must be ripe. A dispute is not ripe when it has not yet matured to a point that warrants judicial determination. 13B FEDERAL PRACTICE AND PROCEDURE § 3532, at 365. "Ripeness concerns may arise when a case involves uncertain or contingent events that may not occur as anticipated, or not occur at all." *Wisconsin Right to Life State Political Action Comm. v. Barland*, 664 F.3d 139, 148 (7th Cir. 2011) (citing 13B FEDERAL PRACTICE AND PROCEDURE § 3532, at 365 (3d ed. 2008)). In determining wether a claim is ripe for adjudication, courts look to two factors:

---

[2] In this respect, Rule 8(a) differs from Rule 13(g) governing crossclaims among defendants. Wright, Miller and Cooper contrast Rule 13(g) with Rule 13(a), which governs counterclaims and, like Rule 8(a), requires a showing that the pleader is entitled to relief. The authors note that "unlike Rule 13(a), the crossclaim provision does not require that the claim be mature at the time of pleading." 6 FEDERAL PRACTICE AND PROCEDURE § 1431, at 281. Instead, they note, Rule 13(g) "specifically provides that a crossclaim can be brought if the party against whom it is asserted "is or may be liable to the crossclaimant for all or any part" of the plaintiff's claim." *Id.* This makes sense since cross-claimants are in the case in any event.

"'the fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.'" *Id.* (quoting *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201 (1983)). Neither factor supports consideration of Plaintiffs' claim against Mesirow at this time.

"Claims that present purely legal issues are normally fit for judicial decision." *Wisconsin Right to Life*, 664 F.3d at 148 (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)). It is unclear whether the coverage dispute between Plaintiffs and Beazley is primarily legal or rests upon disputed facts. Regardless, however, dismissing their claim against Mesirow will not prevent Plaintiffs from resolving their underlying claim against Beazley. In fact, with fewer parties, the claim can likely be resolved more quickly. If Plaintiffs prevail and Beazley fails to pay its judgment, Plaintiffs' claim against Mesirow will be ripe and easily reduceable to judgment. Thus, Plaintiffs will suffer no hardship if their claim is dismissed. Mesirow, on the other hand will be forced to incur the time and costs of litigating a dispute that there is no reason to believe will arise. "Defendants . . . should not be forced to bear the burdens of litigation without substantial justification, and in any event may find themselves unable to litigate intelligently if they are forced to grapple with hypothetical possibilities rather than immediate facts." 13B FEDERAL PRACTICE AND PROCEDURE § 3532.1, at 373-74.

Plaintiffs' argument that they have stated a valid claim against Mesirow is based on a misreading of Section 618.44 and cases that discuss joint and several liability in tort. *See, e.g., Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V.*, 391 F.3d 871 (7th Cir. 2004). But it is clear from the language of the statute that the liability of the persons who knowingly procure an illegal contract is not joint and several, but contingent upon the insurer failing to pay a covered

7

claim or loss.  Plaintiffs also rely on older cases applying the predecessor statute to Section 618.44 directly to procurers.  *See Case v. Meany*, 165 Wis. 143, 161 N.W. 363 (1917), and *Cordy v. Northern Sec. Co.*, 177 Wis. 68, 187 N.W. 663 (1922).  In neither case, however, was the issue of whether a proper claim had been stated was even raised.  The same is true of the more recent decision of the District Court of Appeal of Florida that applied a similar statute to an insurance broker who obtained a trade credit policy in violation of that State's Unauthorized Insurer Act.  *Aon Risk Services, Inc. v. Quintec, S.A.*, 887 So.2d 368 (Fla. Dist. Ct. App. 2004).  These cases stand for the unremarkable proposition that an insured may under certain circumstances sue the procurer of an illegal insurance contract directly instead of the insurer.  The issue raised here, however, is whether the insured can do so when the insurer is vigorously defending the claim and stands ready, willing and able to pay any judgment entered against it.  For the reasons set forth above, I conclude it cannot.

### 3. Joint Motion to Bifurcate

On May 28, 2014, Beazley, Mesirow, and R-T Specialty filed a joint motion to stay discovery of Plaintiffs' bad faith claims, to bifurcate trial between issues of coverage (Counts I–IV & VII) and bad faith (Counts V & VI), to extend the existing deadline for fact discovery between Plaintiffs and Beazley by 30 days, and to suspend all other existing deadlines, including, but not limited to, all deadlines for fact discovery involving parties other than Beazley.  (ECF No. 100.) Under Fed. R. Civ. P. 42(b), the Court may bifurcate issues or claims "[f]or convenience, to avoid prejudice, or to expedite and economize."  Bifurcation is appropriate when it: (1) avoids prejudice to a party or serves the interests of judicial economy; (2) does not unfairly prejudice the non-moving

8

party; and (3) does not violate the Seventh Amendment. *See Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999).

This Court previously held in a claim involving insurance coverage and bad faith claims that bifurcation was appropriate. *See Winter v. Liberty Mut. Fire Ins. Co.*, No. 06-C-800, 2006 WL 2711804 (E.D. Wis. Sept. 21, 2006). The Court observed in *Winter* that under Wisconsin law, a coverage claim under an insurance policy is separate and distinct from a claim of bad faith, and a plaintiff must first demonstrate that the insurer breached its obligations under the policy before it may prove a bad faith claim. *Id.* at *1 (citing *Dahmen v. American Family Ins. Co.*, 635 N.W.2d 1, 6 (Wis. Ct. App. 2001)). The Court concluded that bifurcation was appropriate because the coverage and bad faith claims were sufficiently distinct and bifurcation would potentially prevent wasted discovery on the bad faith claim. *Id.* at *2. The same reasoning applies here, and the Court will grant the joint motion.

## CONCLUSION

**IT IS HEREBY ORDERED** that Beazley's motion for reconsideration or to drop R-T Specialty as a party in order to preserve the Court's subject matter jurisdiction (ECF No. 98) is granted, and R-T Specialty is dismissed without prejudice pursuant to Fed. R. Civ. P. 21.

**IT IS FURTHER ORDERED** that Mesirow's motion to dismiss Plaintiffs' Third Amended Complaint (ECF No. 87) is granted, and Plaintiffs' claims against Mesirow are also dismissed without prejudice. Plaintiffs' related request for costs, expenses, and attorney's fees pursuant to 28 U.S.C. § 1927 is denied as moot.

**IT IS ALSO ORDERED** that the parties' joint motion to bifurcate (ECF No. 100) is granted. Discovery relating to Plaintiffs' bad faith claims, as embodied in Counts V and VI of the

Third Amended Complaint, is stayed pending resolution of Plaintiffs' other claims. Discovery otherwise permissible in connection with Plaintiffs' coverage claims will not be precluded simply because that discovery might also be relevant to, or might lead to the discovery of evidence relevant to, Plaintiffs' bad faith claims.

**IT IS ALSO ORDERED** that trial of Plaintiffs' coverage claims is bifurcated from trial of Plaintiffs' bad faith claims. Evidence otherwise admissible at trial of Plaintiffs' coverage claims will not be excluded simply because it might also bear on issues of bad faith as well.

**IT IS ALSO ORDERED** that all currently scheduled deadlines are hereby suspended, and the parties shall present a proposed revised pretrial schedule within ten (10) days of entry of this order.

Dated at Green Bay, Wisconsin, this ___7th___ day of July, 2014.


 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court